UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| LARRY KLAYMAN,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS FITTON,<br><br>    Defendant. | Case No. 1:20-cv-00135-LMB-IDD |

**DEFENDANT'S REPLY MEMORANDUM
IN SUPPORT OF THE MOTION TO DISMISS**

Defendant Thomas J. Fitton ("Fitton"), by counsel and pursuant to Rule 12(b)(2), (3) and (6) and LCvR 7, files this Reply Memorandum in response to the Opposition filed by Plaintiff Larry Klayman ("Klayman").[1]

### I. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANT FITTON

Plaintiff's Opposition ("Opp. Mem.") seeks to establish specific jurisdiction through a connection between Bob McEwen and Virginia. Opp. Mem. at pp. 3-4. The hoped-for theory is that if there is a contact address or residence for Bob McEwen in Virginia, then Fitton must have communicated with McEwen in Virginia. For obvious reasons this possible theory fails.

No allegation in the Complaint and no factual assertion in Plaintiff's affidavit demonstrates that Fitton ***intentionally*** availed himself of conducting any activity in Virginia. The Complaint does not refer to Virginia except to identify the location of a CNP meeting that Plaintiff wanted to

---

[1] Defendant Fitton discovered evidence from a filing in a separate lawsuit that shows this action was filed in bad faith and misrepresents the facts that Plaintiff provided in another jurisdiction. Defendant Fitton is preparing a Motion for Sanctions to serve on Plaintiff this week and will provide him with the 21-day safe harbor in which to withdraw this action.

attend. Compl. ¶¶ 7, 10, 16. Plaintiff never alleges that any activity by Fitton occurred in Virginia or was directed at Virginia. Recognizing this failure, Plaintiff submits an affidavit seeking to show that Bob McEwen "could" have a connection to Virginia and that Fitton "could" have spoken to Mr. McEwen while he was in Virginia. The affidavit provides no facts that show any purposeful contact by Fitton with Virginia.[2] When a plaintiff fails to establish a defendant's purposeful availment through well-plead facts, the inquiry into personal jurisdiction ends.[3] *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (stating that allegations must satisfy first prong of the test before moving on to the next step).

Factual allegations omitted by Plaintiff emphasize the useless nature of his affidavit. Klayman cannot argue that Fitton directed his activity at Virginia when there are no allegations regarding whether: (i) the statement was published in Virginia; (ii) Defendant knew Mr. McEwen lived in or was located in Virginia; (iii) Defendant knew Klayman was invited to an event in Virginia; or (iv) Defendant knew the event was being held in Virginia.[4] Plaintiff cannot establish personal jurisdiction without showing that Defendant knew where Mr. McEwen lived or was at the time of the statement and knew that the result would harm Plaintiff in Virginia.

---

[2] Information provided by the affidavit is of limited value. Paragraph 3 merely identifies what appears to be the contact information for purchasing books and tapes from FreedomQuest (*e.g.*, orders@bobmcewen.com). The address is not identified as that of Bob McEwen and there is no nexus between FreedomQuest and Mr. McEwen. Paragraph 4 provides even less support, stating merely that Klayman "believes" Mr. McEwen lives in Virginia but provides no facts to support the belief. Even if there is a connection, at best, it shows that Mr. McEwen has an address for receiving mail in Virginia.

[3] Klayman makes no effort to establish any connection between his alleged damage and the alleged purposefully availing conduct.

[4] Plaintiff argues that he was "defamed at the CNP event" in Virginia but makes no such allegation in the Complaint. Opp. Mem. at p. 5. Without any factual support in the Complaint, this argument cannot expand or support a basis for personal jurisdiction. In addition, the argument is nonsensical as Klayman alleges he was excluded from the CNP event and provides no allegation of fact regarding how he would have knowledge of what was stated or why he was excluded when the defamation did not occur until the day of the event.

Minimum contacts require Klayman to show that Defendant "purposefully directed his activities at the residents of the forum" and that the claims "arise out of" those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The Defendant's conduct must establish the necessary connection with Virginia to support jurisdiction, which eliminates the relevance of the location of Plaintiff's alleged harm. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). These requirements are directly applicable to the alleged circumstances of this action, where a Defendant is hailed into court based solely on "random, fortuitous, or attenuated contacts." *Burger King*, 471 U.S. at 475. Absent plausible, well-plead allegations of fact, Plaintiff cannot establish that the Court has personal jurisdiction over the Defendant. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir.2002).

## II.  VENUE IS IMPROPER IN THIS DISTRICT

Plaintiff argues that venue is proper in this District because "a substantial part of the events or omissions giving rise to the claim" occurred in this District. *See* 28 U.S.C. § 1391(b)(2). He asserts that the "substantial part of events or omissions" is "being excluded from and defamed at the CNP event in Tyson's Corner, Virginia." Mem. Opp. at p. 5. Plaintiff does not, and indeed could not, cite any support for this assertion. The examination directed by the statutory language is "events or omissions," which case law does not interpret as the alleged location of Plaintiff's harm.[5]

Determining whether venue is proper under Section 1391(b)(2) involves a two-part analysis. *Adhikari v. KBR, Inc.*, No. 115CV1248JCCTCB, 2016 WL 4162012, at *4 (E.D. Va.

---

[5]  Even if the analysis did examine the location of harm, Klayman's alleged harm refers to the Virginia CNP meeting as only an example of the impact and seeks to recover damage for all future meetings he is not entitled to attend. Compl. ¶¶ 8 (publication to other third-parties with American Conservative Union and CPAC harms reputation in the "conservative community"), 16 (such as the event held in Virginia), 21 (damage is continuing as to Plaintiff's reputation) and 27 (same). Also, the Complaint does not allege defamation at the CNP meeting.

Aug. 4, 2016) (citing *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005)). The first step is to identify the nature of the claims and the acts or omissions that Plaintiff alleges give rise to those claims. *Id*. The second step is to determine whether a substantial part of those acts or omissions occurred in this District. *Id*.

Plaintiff alleges two claims, tortious interference and defamation. The location of events giving rise to the claims are not identified in the Complaint. Instead, Plaintiff merely alleges the conclusion that he was defamed based on a statement made by Roger Stone and that further information will be obtained through discovery. Compl. ¶¶ 6-7. Whether a substantial part of the events giving rise to a claim occurred in this District requires the Court to focus on Defendant's activities and ***not*** the Plaintiff's harm. *Estate of Moore v. Dixon*, 460 F. Supp. 2d 931, 936 (E.D. Wis. 2006). Here, determining the location of a "substantial part" of the acts triggering the claims is not possible because the Complaint does not allege where the acts occurred or even provide a factual basis for the alleged acts. Therefore, Plaintiff fails both the first and second steps of the inquiry. Venue is improper.

### III. PLAINTIFF DID NOT ALLEGE ANY OBJECTIVE EXPECTATION OF A BUSINESS ADVANTAGE

Plaintiff identifies only two allegations to support an objective expectation of a business advantage: (1) prior membership in CNP; and (2) a desire to rejoin and attend events as a guest. Opp. Mem. at p. 5. The specific allegation that Plaintiff relies on is:

> Specifically, Defendant Fitton, on or about February 19, 2019, published with actual and constitutional malice to Bob McEwan and others of the ***Council for National Policy ("CNP"), of which Plaintiff Klayman had been a member and sought to rejoin the organization and attend events as a guest***. CNP is a non-profit corporation which holds quarterly meeting events in this district and throughout the United States and Canada to meet and also facilitates networking in general with conservative leaders who have supported the work of Plaintiff Klayman.

4

Compl. ¶ 7 (emphasis added). Neither of these allegations provide any basis for an objective expectation of future advantage.

Plaintiff's expectation to join is merely subjective. The Complaint alleges that Plaintiff "sought" to rejoin and attend events. Merriam-Webster defines the term "sought" as "to go in search of" or to "look for." This is a subjective fact. The lack of factual allegations providing circumstances that would justify an expectation is fatal to the tortious interference claim. *Commercial Bus. Sys., Inc. v. Halifax Corp.*, 253 Va. 292, 301, 484 S.E.2d 892, 897 (1997) (stating that subjective expectations do not demonstrate an objective expectation of a business relationship) (cited with approval by Plaintiff). A desire to join is nothing more than an individual desire or goal. Plaintiff's reference to his prior membership in CNP is also too remote because it occurred at least 17 years ago while he was an employee of Judicial Watch. Compl. ¶ 10. There are no other facts.

The Complaint does not allege any facts or circumstances to show: (1) the CNP standard for membership; (2) how Plaintiff meets the standard for membership; (3) whether CNP indicated that Plaintiff could rejoin; (4) whether the invitation by a member is sufficient to qualify one for membership; (5) a member's right to invite non-members to a meeting; (6) how Plaintiff was barred from attending (if he really was); and (7) whether Defendant knew that Plaintiff wanted to join CNP or that Dr. Corsi attempted to invite Plaintiff as a guest. Without any the foregoing facts, and especially without knowledge that Plaintiff was invited to a CNP event or even wanted to join CNP, the tortious interference claim fails. All that is alleged is that Plaintiff wanted to join CNP. Without more, there are no facts demonstrating an objective expectancy or tortious interference.[6]

---

[6] Plaintiff also includes a flawed discussion regarding his perceived damage based on donations received by Judicial Watch during his membership in CNP (which occurred prior to September 2003). This discussion is a Red Herring. No case law includes damages as a basis for

WHEREFORE, for all of the foregoing reasons, Defendant Fitton respectfully requests that the Court GRANT this Motion and dismiss the Complaint with prejudice.

Dated: April 22, 2020                                   Respectfully submitted,

/s/
_____
Richard W. Driscoll (43469)
DRISCOLL & SELTZER, PLLC
300 N. Washington St., Suite 610
Alexandria, Virginia 22314
703.822.5001 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendant Thomas J. Fitton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April 2020, a copy of the foregoing Reply Memorandum was served by the Court's ECF system upon all parties/counsel of record listed on the Notice of Electronic Filing and by first class mail, postage prepaid, to:

Larry Klayman, Esquire
Klayman Law Firm
2020 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006

/s/
_____
Richard W. Driscoll

---

an objective expectancy. Further, Plaintiff fails to explain why he is not able to contact these donors now or why a CNP membership would increase donations from these donors.