IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LARRY KLAYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-cv-135 (LMB/IDD) |
| | ) | |
| THOMAS J. FITTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this civil action, plaintiff pro se Larry Klayman ("plaintiff" or "Klayman") alleges

three Virginia state law claims against defendant Thomas Fitton ("defendant" or "Fitton"):

tortious interference with contractual relations (Count I), defamation (Count II), and defamation

per se (Count III). Each count arises out of defendant's alleged statement to individuals affiliated

with the Council for National Policy ("CNP") that plaintiff was forced out of his position at

Judicial Watch, Inc. ("Judicial Watch") due to sexual harassment allegations made against him.

Before the Court is defendant's Motion to Dismiss, which has been fully briefed and which,

pursuant to the Order issued on Court March 30, 2020, will be decided on the papers submitted.

For the following reasons, defendant's Motion to Dismiss will be granted.

In his complaint, plaintiff, a resident of Florida, alleges that he is "a well-known private

lawyer and conservative public interest advocate and litigator, as well as a syndicated national

radio talk show host," who "conceived of and founded" Judicial Watch in 1994, and that the

defendant, a resident of the District of Columbia, is "the current President of Judicial Watch" and

a "a serial liar." Complaint ¶¶ 3–4. He further alleges that he left his position at Judicial Watch in

2003 to run for the United States Senate in Florida and that on February 19, 2019, the defendant

made the false statement that plaintiff had been forced out of his position at Judicial Watch due to sexual harassment allegations made against him. Id. ¶¶ 3, 6. Specifically, the Complaint claims that the defendant told Bob McEwan, and other individuals affiliated with CNP, that the plaintiff "had been ousted from Judicial Watch . . . because of a sexual harassment complaint." Id. ¶ 7. As a result of this statement, CNP allegedly "exclude[d] [plaintiff] from an event . . . at the Ritz Carlton[] in Tysons Corner, Virginia" to which he "had been invited" by one of his clients, who "was to receive an award" at the event. Id. ¶ 10. The Complaint also appears to allege, without providing any detail, that the defendant made a similar false statement to "other third parties in the conservative movement," with the goal of "harming [plaintiff's] reputation and goodwill in the conservative community." Id. ¶ 8.

On March 3, 2020, defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), arguing that this court lacks personal jurisdiction over him, that venue is not proper in this district, and that plaintiff has failed to state a tortious interference claim upon which relief can be granted. Because defendant's personal jurisdiction argument is meritorious, his venue and merits-based arguments need not be addressed. In addition, as defendant's Motion to Dismiss points out, this is at least the eleventh action the plaintiff has filed against this defendant since plaintiff left Judicial Watch in 2003. [See Dkt 4-1].[1] None of these actions appears to have been meritorious as against this defendant. In fact, this Complaint essentially duplicates a complaint plaintiff recently filed in the United

---

[1] Defendant has attached a list of these actions to his Motion to Dismiss. The Court can consider these actions because "[i]n deciding a motion to dismiss, a court may consider the facts alleged on the face of the complaint as well as matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." Spirito v. Peninsula Airport Comm'n, 350 F. Supp. 3d 471, 480 (E.D. Va. 2018).

States District Court for the District of Columbia. See Klayman v. Fitton, et al. Case No. 19-cv-2793 (D.D.C. Aug. 28, 2019). In that action, in which a Motion to Dismiss and a Motion for an Order Declaring Plaintiff a Vexatious Litigant are currently pending, plaintiff has alleged that the defendant along with several other individuals, "published and republished the malicious, false and defamatory statement that [plaintiff] was ousted at Judicial Watch due to a sexual harassment complaint." Id.

Under Rule 12(b)(2), "the Court may dismiss a case for lack of personal jurisdiction." Selke v. Germanwings GmbH, 261 F. Supp. 3d 645, 561 (E.D. Va. 2017). "When a court rules on personal jurisdiction without an evidentiary hearing, the plaintiff must make a prima facie showing of a sufficient jurisdictional basis to survive the challenge." Id. "In such circumstances, a court must view all the relevant allegations in the light most favorable to the plaintiff and draw all reasonable inferences for the existence of jurisdiction." Id. at 651–52.

In his Motion to Dismiss, defendant argues that the Court lacks personal jurisdiction over him because plaintiff "does not allege that [defendant] availed himself of Virginia, or that any relevant facts supporting his claim[s] took place in Virginia." Defendant's Brief in Support at 8. In response, plaintiff argues that defendant "published [the false statement] into Virginia" because Bob McEwan "lives in Fairfax County, Virginia," and that "[t]he injury [he] suffered . . . occurred in Virginia" when he was not allowed to attend "the CNP event in Tysons Corner, Virginia." Plaintiff's Brief in Opposition at 4. Defendant has the better argument.

"To satisfy the constitutional due process requirement [of personal jurisdiction], a defendant must have sufficient minimum contacts with the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 277 (4th Cir. 2009). "The minimum contacts test requires

the plaintiff to show that the defendant purposefully directed his activities at the residents of the

forum and that the plaintiff's cause of action arises out of those activities." Id. "This test is

designed to ensure that the defendant is not hauled into a jurisdiction solely as a result of

random, fortuitous, or attenuated contacts," and "protects a defendant from having to defend

himself in a forum where he should not have anticipated being sued." Id.

The Fourth Circuit "has synthesized the due process requirements for asserting specific

personal jurisdiction [into] a three part test."[2] Id. at 278. In that test, the court considers "(1) the

extent to which the defendant purposefully availed [himself] of the privilege of conducting

activities in the [s]tate; (2) whether the plaintiff's claims arise out of those activities directed at

the [s]tate; and (3) whether the exercise of jurisdiction would be constitutionally reasonable." Id.

"If, and only if . . . the plaintiff has satisfied th[e] first prong of the test for specific jurisdiction

need [the court] move on to a consideration of prongs two and three." Id.

As relevant here, it is well-established that, under the first prong of the test, "[t]he proper

question is not where the plaintiff experienced a particular injury or effect but whether the

defendant's conduct connects him to the forum in a meaningful way." See, e.g., Foster Made,

LLC v. Foster, 2018 WL 4693810, at *3 n.6 (E.D. Va. Sept. 28, 2018); McNeil v. Biaggi

Productions, LLC, 2017 WL 2625069, at *7 (E.D. Va. June 16, 2017); Gillison v. Lead Express,

Inc., 2017 WL 1197821, at *12 (E.D. Va. Mar. 30, 2017). In other words, "[a]lthough the place

the plaintiff feels the alleged injury is plainly relevant to the inquiry, it must ultimately be

accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is

to be upheld." Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 143 (4th Cir. 2020). "[T]he

---

[2] "A court may exercise general or specific personal jurisdiction." Purdue Foods LLC v. BRF S.A., 814 F.3d 185, 188 (4th Cir. 2016). Plaintiff does not argue that this court has general personal jurisdiction over the defendant.

purposeful availment prong of the personal jurisdiction analysis can be met if a defendant's intentional conduct in the forum state was calculated to cause injury to the plaintiff in the forum state," but "mere injury [in the forum state] is not a sufficient connection to the forum." See, e.g., Foster Made, 2018 WL 4693810, at *3 n.6; McNeil, 2017 WL 2625069, at *7; Gillison, 2017 WL 1197821, at *12.

Here, as in Gillison, plaintiff "alleges nothing more than injury in Virginia." Id. at *13. Specifically he alleges that, as a result of the false statement defendant made about him to CNP, CNP "exclude[d] [him] from an event . . . at the Ritz Carlton[] in Tysons Corner, Virginia" to which he "had been invited" by one of his clients, who "was to receive an award" at the event. Id. ¶ 10. That is the sole reference to Virginia in the Complaint and it is plainly inadequate to confer this court with personal jurisdiction over the defendant.[3] In an attempt to avoid this self-evident conclusion, plaintiff argues that Bob McEwan lives in Virginia, and that this fact saves his Complaint because he has alleged that the defendant made the false statement about him to McEwan. This argument is unpersuasive for two reasons. First, there is no allegation in the Complaint that McEwan lives in Virginia; rather, it is only in plaintiff's opposition to defendant's Motion to Dismiss, that he states he "has confirmed through research that [McEwan]

---

[3] Plaintiff summarily alleges, only in connection with his defamation per se claim, that defendant's false statement about him "was published in person and on the internet in this district, domestically, and internationally," Complaint ¶ 25. That allegation is an example of the "naked assertions devoid of further factual enhancement" that "are not entitled to the presumption of truth." Wikimedia Found. v. Nat'l Sec. Agency, 857 F.3d 193, 208 (4th Cir. 2017). Plaintiff also summarily alleges, only in connection with his tortious interference claim, that he "had been a member" of CNP and "sought to rejoin" the organization but was not "allowed to" do so, and that CNP "holds quarterly meetings in this district and throughout the United States and Canada," Complaint ¶¶ 7, 16. That allegation relates only to plaintiff's injury, and therefore is inadequate to confer this court with personal jurisdiction over defendant for the same reasons his allegation regarding the CNP event in Tysons Corner, Virginia fails to establish personal jurisdiction over the defendant.

lives in Fairfax, County Virginia," and provides an affidavit to that effect. Plaintiff's Brief in Opposition at 4. "It is well established that parties cannot amend their complaints through briefing or oral advocacy." vonRosenberg v. Lawrence, 849 F.3d 163, 167 n.1 (4th Cir. 2017). Second, even if McEwan's Virginia residence had been included in the Complaint, the allegation that McEwan lives in Virginia does not save plaintiff's Complaint from dismissal because neither it, nor plaintiff's opposition brief, contain any allegation that the defendant made the allegedly defamatory statement to McEwan in Virginia. "Purposeful availment cannot be satisfied by the unilateral activity of those who claim some relationship with a nonresident defendant;" "[i]nstead, a defendant must purposefully direct its actions towards a forum in order to be found to have purposefully availed [himself] of the benefits and protections of the forum's laws." UMG Recordings, Inc. v. Kurbanov, 362 F. Supp. 3d 333, 338 (E.D. Va. 2019). In other words, "[t]here must be knowing direction of harm towards the forum state to satisfy this prong." Id.; see also ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997). There simply is no such allegation here.

For these reasons, this Court lacks personal jurisdiction over this non-resident defendant. Accordingly, defendant's Motion to Dismiss [Dkt. 4] is GRANTED, and is it hereby

ORDERED that this civil action be and is DISMISSED.[4]

---

[4] Although dismissal of a pro se litigant's complaint is often without prejudice and with leave to amend, this plaintiff is an attorney with a litigious track record against this defendant and this action is plainly duplicative of the action plaintiff recently filed in the United States District Court for the District of Columbia. "Plaintiffs have no right to maintain two separate actions involving the same subject matter at the same time against the same defendants," and "[t]he cases are legion that a party may not institute new actions duplicating existing litigation." Nicholson v. Clarke, 2013 WL 12099299, at *1 (E.D. Va. Nov. 20, 2013). Accordingly, dismissal with prejudice is appropriate.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of this court within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court of Appeals. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to enter judgment in defendant Thomas Fitton's favor under Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record and plaintiff pro se, and close this civil action.

Entered this 28 day of April, 2020.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge